IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM GARRETT,
     Petitioner,

v.                           Case No.  3:09cv468/MCR/CJK

KENNETH S. TUCKER,
     Respondent.

_____

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer (doc. 25), submitting relevant portions of the state court record (doc. 26).  Petitioner replied.  (Doc. 31).  Respondent filed an amended answer on May 8, 2012.  (Doc. 34).  On May 9, 2012, the Court issued an order providing petitioner thirty days in which to amend his reply.  (Doc. 35).  Petitioner has not filed an amended reply.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On January 8, 2003, petitioner was convicted upon jury verdict of Burglary of a Dwelling while Armed (Count 1), Battery (Count 2), Aggravated Battery with a

Deadly Weapon (Count 3) and Aggravated Assault by Threat (Count 4) in Escambia County Circuit Court Case Number 01-4998.  (Doc. 26, Ex. C).[1]  The offenses occurred on October 31, 2001.  Petitioner was sentenced on May 7, 2003, to concurrent terms of 20 years imprisonment on Counts 1, 3 and 4, and to 6 months imprisonment on Count 2 concurrent with the other counts.  (Ex. D).

Petitioner appealed his judgment and sentence to the Florida First District Court of Appeal ("First DCA"), raising three claims of error:

    I.    THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF ARMED BURGLARY.

    II.    THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF AGGRAVATED BATTERY OR SIMPLE BATTERY.

    III.    THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF AGGRAVATED ASSAULT.

(Ex. F).  The State filed an answer brief, asserting that petitioner was not entitled to relief on any of his claims, because petitioner failed to preserve a challenge to the sufficiency of the evidence at trial and could not make the requisite showing of fundamental error.  (Ex. G, pp. 7-8).  The State alternatively argued the merits.  On December 13, 2004, the First DCA per curiam affirmed without written opinion. *Garrett v. State*, 888 So.2d 627 (Fla. 1st DCA 2004) (Table)  (copy at Ex. H).

On January 18, 2005, petitioner filed a motion for mitigation of sentence under Florida Rule of Criminal Procedure 3.800(c).  (Ex. J).  The trial court denied relief on February 7, 2005.  (Ex. K).  Petitioner did not appeal.

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 26, unless otherwise noted.

On October 20, 2005, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising the following five claims:

> GROUND ONE – FUNDAMENTAL ERROR OR INEFFECTIVE ASSISTANCE OF COUNSEL DURING JURY INSTRUCTIONS, WHICH FAILED TO ASSIGN A BURDEN OF PROOF BEYOND A REASONABLE DOUBT TO ESSENTIAL ELEMENT OF ENHANCED BURGLARY OFFENSE.
>
> GROUND TWO – INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO REQUEST JURY INSTRUCTION ON INDEPENDENT ACT DEFENSE.
>
> GROUND THREE – FUNDAMENTAL ERROR IN JURY INSTRUCTIONS, WHICH INCLUDED ALTERNATIVE ENHANCED BURGLARY NOT CHARGED IN INFORMATION.
>
> GROUND FOUR – INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO CHALLENGE BIASED JURORS.
>
> GROUND FIVE – ILLEGAL GENERAL SENTENCE IMPOSED FOR SEPARATE OFFENSES.

(Ex. L).  On August 8, 2006, the Rule 3.850 court summarily denied Grounds One through Four but granted relief on Ground Five, which the court construed as a motion to correct illegal sentence.  (Ex. P).  The court held a resentencing hearing on August 22, 2007, and resentenced petitioner to 20 years imprisonment on Count 1; 6 months imprisonment on Count 2; 15 years imprisonment on Count 3; and 5 years imprisonment on Count 4, all sentences to run concurrently.  (Ex. Q).  An amended judgment and sentence was rendered August 22, 2007.

Petitioner filed a *pro se* notice of appeal indicating that the nature of the order appealed was the denial of a motion for postconviction relief.  (Ex. R).  Petitioner also

filed a *pro se* initial brief raising four claims of error (that the lower court erred in denying Grounds One through Four of petitioner's postconviction motion). (Ex. S). The State filed a notice that no answer brief would be filed. (Ex. T).  The First DCA ordered petitioner to show cause why the appeal should not be redesignated as a direct appeal from the resentencing, citing *King v. State*, 795 So.2d 1086 (Fla. 1st DCA 2001).  (Ex. U).  Petitioner responded, agreeing that the appeal should be redesignated as a direct appeal, "conced[ing] to such redesignation," and asserting that, as in *King*, the appellate court should relinquish jurisdiction for the trial court to appoint counsel for the appeal and allow appointed appellate counsel to brief all issues. (Ex. V). The State responded that the appeal should not be redesignated as a direct appeal from petitioner's resentencing but should proceed in accordance with Florida Rule of Appellate Procedure 9.141(b).  (Ex. W).  Florida's Appellate Rule 9.141(b) provides a streamlined procedure for appellate review of summary denials of postconviction relief, and does not require the filing of briefs.  The First DCA rejected the State's position, redesignated petitioner's appeal as a "direct appeal from the amended sentence filed on August 22, 2007," and relinquished jurisdiction to the trial court to appoint counsel to represent petitioner in the appeal.  (Ex. X). Petitioner's appellate counsel filed an Initial Brief raising one issue:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 3.850 MOTION BECAUSE THE TRIAL COURT DID NOT PROPERLY INSTRUCT THE JURY THAT THE STATE HAD TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT WAS ARMED DURING THE BURGLARY.

(Ex. Y).  The First DCA per curiam affirmed without written opinion on August 4, 2009.  *Garrett v. State*, 13 So.3d 470 (Fla. 1st DCA 2009) (Table) (copy at Ex. AA). The mandate issued August 20, 2009.  (Ex. BB).  Petitioner filed a *pro se* motion for

rehearing on September 10, 2009, arguing that the appellate court erred in converting the appeal to a direct appeal of petitioner's resentencing, and requesting that the court re-hear his appeal "as an appeal from the summary denial of his Rule 3.850 motion." (Ex. CC). The First DCA denied the motion for rehearing on October 5, 2009. (Ex. DD).

Petitioner filed the instant federal habeas petition on October 21, 2009. (Doc. 1). The petition presents seven grounds for relief. Respondent concedes that the petition is timely, but argues that petitioner is not entitled to federal habeas relief because his claims are either procedurally defaulted or without merit. (Doc. 34).

## LEGAL STANDARDS

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

     (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).  To overcome a procedural default, the petitioner must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d

808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19.  Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review

in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The
appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under
> the "unreasonable application" clause, a federal habeas court may grant
> the writ if the state court identifies the correct governing legal principle
> from this Court's decisions but unreasonably applies that principle to the
> facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas
petition upon which there has been an adjudication on the merits in a state court
proceeding, the federal court must first ascertain the "clearly established Federal
law," namely, "the governing legal principle or principles set forth by the Supreme
Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538
U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly
established" only when a Supreme Court holding at the time of the state court
decision embodies the legal principle at issue.  *Thaler v. Haynes*, — U.S. —, 130 S.
Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608
F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice
Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts
I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined
by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529
U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg,
and Breyer.

whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court

case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (citing *Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court  must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the

merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

A federal court's review under § 2254(d) presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record

reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

A federal habeas court takes the final step of conducting an independent review of the merits of the petitioner's claims only if the court finds that the petitioner satisfied AEDPA and § 2254(d).  *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Ground 1    Fundamental Error or Ineffective Assistance of Counsel during Jury Instructions which Failed to Assign a Burden of Proof Beyond a Reasonable Doubt to Essential Element of Enhanced Burglary Offense.

Petitioner's first claim involves his conviction of Burglary while Armed (Count 1), in violation of Fla. Stat. § 810.02(1)(b) and (2)(b).  Under Florida law, the elements of burglary are:  (1) entering or remaining in the structure of another, (2) without consent and (3) with the intent to commit an offense therein.  Fla. Stat. § 810.02(1)(b).  To enhance the offense to a first degree felony, the State must further prove that petitioner was or became armed within the dwelling, with a dangerous weapon. Fla. Stat. § 810.02(2)(b). Petitioner asserts that the trial court instructed the jury that the State had the burden of proving the first three elements beyond a reasonable doubt, but failed to assign that burden of proof with regard to the fourth element of being armed with a dangerous weapon.  Petitioner claims that the instruction violated his rights under *In re Winship*, 397 U.S. 358 (1970), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the trial court's instruction

"left [the jury] to speculate on what standard applied to the fourth element. Because the weapon element was set apart from the other three elements and referred to as a punishment factor, the jury could reasonably assume that a lesser standard of proof applied." (Doc. 1, p. 4). Petitioner argues that the "insufficiency of the instruction . . . constitutes fundamental error, as the lack of a standard of proof may have affected the verdict." (*Id.*, p. 5). Acknowledging that trial counsel did not object to the jury instruction, petitioner presents an alternative argument that trial counsel was ineffective in failing to object and that because the evidence of a weapon was conflicting, the suggestion of a lower burden of proof on that element prejudiced petitioner in that there is a reasonable probability the jury would have found him guilty only of second degree Burglary had they been properly instructed. (*Id.*).

The parties agree that petitioner exhausted this claim in state court by raising it as Ground One of his Rule 3.850 motion and by appealing the result to the First DCA. (Doc. 1, p. 5; Doc. 34, p. 15).

A.      Clearly Established Federal Law

I.       Challenges to Jury Instructions

In a criminal case, the government must prove each element of a charged offense beyond a reasonable doubt. *See, e.g., In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). In *Waddington v. Sarausad*, 555 U.S. 179, 129 S. Ct. 823, 172 L. Ed. 2d 532 (2009), the Supreme Court reiterated the clearly established Federal law governing challenges to jury instructions on the ground that the instruction deprived the defendant of due process by lowering the government's burden below proof beyond a reasonable doubt:

> Our habeas precedent places an "especially heavy" burden on a defendant who . . . seeks to show constitutional error from a jury

instruction. . . . *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S. Ct. 1730, 52 L. Ed. 2d 203 (1977). Even if there is some "ambiguity, inconsistency, or deficiency" in the instruction, such an error does not necessarily constitute a due process violation. *Middleton* [*v. McNeil*, 541 U.S. 433], 437, 124 S. Ct. 1830, [158 L. Ed. 2d 701 (2004)]. Rather, the defendant must show both that the instruction was ambiguous and that there was " 'a reasonable likelihood' " that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. *Estelle* [*v. McGuire*, 502 U.S. 62], 72, 112 S. Ct. 475, [(1991)] (quoting *Boyde v. California*, 494 U.S. 370, 380, 110 S. Ct. 1190, 108 L. Ed. 2d 316 (1990)). In making this determination, the jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle, supra*, at 72, 112 S. Ct. 475 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 38 L. Ed. 2d 368 (1973)). Because it is not enough that there is some "slight possibility" that the jury misapplied the instruction, *Weeks v. Angelone*, 528 U.S. 225, 236, 120 S. Ct. 727, 145 L. Ed. 2d 727 (2000), the pertinent question "is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,'" *Estelle, supra*, at 72, 112 S. Ct. 475 (quoting *Cupp, supra*, at 147, 94 S. Ct. 396).

*Id.*, 555 U.S. at 190-91, 129 S. Ct. 823.

  ii.  Ineffective Assistance of Counsel

  The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 1449 n. 14, 25 L. Ed. 2d 763 (1970) (recognizing that "the right to counsel is the right to the effective assistance of counsel."); *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). Ineffective assistance claims are governed by the United States Supreme Court's opinion in *Strickland v. Washington, supra*. *Strickland* held that a successful claim of ineffective assistance

requires a defendant to show both deficient performance by counsel and prejudice resulting from that deficiency   *Id.* at 687, 104 S. Ct. 2052.

"The purpose of ineffectiveness review is not to grade counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*citing Strickland*). Reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance, and must make "every effort . . . to eliminate the distorting effects of hindsight" and must evaluate the reasonableness of counsel's performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also e.g., Chandler* at 1314 (explaining that the *Strickland* standard compels courts to "avoid second-guessing counsel's performance").

*Strickland*'s prejudice prong requires a petitioner to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067.  Instead, the petitioner must show a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694, 104 S. Ct. at 2068.  Without support in the record, bare allegations that the petitioner was prejudiced by counsel's performance are insufficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

B.      Federal Review of State Court Decision

Petitioner presented this claim to the state courts in his Rule 3.850 proceeding. The Rule 3.850 court summarily denied relief, finding the claim "refuted by the record." (Ex. P, p. 3).  The court explained:

> A review of the record reveals that the ***only*** standard of proof on which the jury was instructed was reasonable doubt.  While the court did

not specifically mention reasonable doubt at the time it was instructing the jury regarding the element of being armed, the Court instructed the jury: "if you return a verdict of guilty as to any one count, it should be for the highest offense which has been ***proven beyond a reasonable doubt***.  If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict must be not guilty."  The Court finds that the jury was clearly instructed that it must find that Defendant had committed each element beyond a reasonable doubt.  Defendant has therefore failed to demonstrate that any error occurred or that counsel should have objected to such "error."  Defendant is not entitled to relief as to this claim.

(Ex. P) (footnotes omitted).  The state appellate court summarily affirmed without written opinion.

The record reveals that at the close of the evidence, the judge instructed the jury on the elements of Burglary while Armed:

[B]efore you can find the defendant guilty of burglary of a dwelling, the State must prove the following three elements beyond a reasonable doubt:  First that William Danny Garrett entered or remained in a dwelling owned by or in the possession of Andrew J. Wagner and/or Robert James Pooley.

Second that William Danny Garrett did not have the permission or consent of Andrew J. Wagner and/or Robert James Pooley or anyone authorized to act for him to enter or remain in the structure or conveyance at the time.

Three, at the time of entering or remaining in the dwelling, Williams Danny Garrett, had a fully formed conscious intent to commit the offense of battery, aggravated battery, or aggravated assault in that dwelling.

. . . .

The punishment provided by law for the crime of burglary is

greater if the burglary was committed under certain aggravating circumstances. . . .

If you find that in the course of committing the burglary the defendant was armed or armed himself within the dwelling, a dangerous weapon, or armed himself within the dwelling with a dangerous weapon, you should find him guilty of burglary while armed. . . .

. . . .

If you find that the defendant committed the burglary without any aggravating circumstances, you should find him guilty only of burglary.

. . . .

[I]f you find the defendant guilty of burglary, it will be necessary for you to state in your verdict whether the defendant was armed at the time of the crime.

. . . .

[I]f you decide that the main accusations have not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime. . . .

(Ex. B, pp. 241-45).  The judge later instructed:

The defendant has entered a plea of not guilty and this means you must presume or believe the defendant is innocent.  This presumption stays with the defendant as to each material allegation in the information through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.

(*Id.*, p. 251).  "If you have a reasonable doubt, you should find the defendant not guilty.  If you have no reasonable doubt, you should find the defendant guilty."  (*Id.*, p. 252).  "If you return a verdict of guilty as to any one count, it should be for the highest offense which has been proven beyond a reasonable doubt.  If you find that no offense has been proven beyond a reasonable doubt, then, of course, your verdict

must be not guilty." (*Id.*, p. 256).

The instructions as a whole made abundantly clear that a finding of guilt of the highest offense (Burglary of a Dwelling while Armed) required proof of every material allegation – those discussed in the instructions – beyond a reasonable doubt. The allegation that petitioner was armed was a material allegation, just as the other three elements were material allegations. It was not reasonably likely that the jury understood the instructions to allow conviction of Burglary while Armed based on proof insufficient to satisfy *Winship*. Petitioner's assertion that the alleged ambiguity "may have affected the verdict," (doc. 1, p. 5), is insufficient to meet his heavy burden of showing constitutional error arising from the instruction, and is certainly insufficient to show that "it is possible fairminded jurists could disagree that [the state court's decision] was inconsistent with the holding in a prior decision of [the Supreme Court]." *Richter*, 131 S. Ct. 15 786. Petitioner's claims of trial court error and ineffective assistance of counsel fail, because petitioner has not shown that there was an error or ambiguity in the instructions or that it is reasonably likely the jury misapplied the instruction.

The state courts' rejection of petitioner's claim was not contrary to clearly established Supreme Court precedent, did not involve an unreasonable application of clearly established Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the record before the state court. Petitioner is not entitled to federal habeas relief on Ground One.

<u>Ground 2</u>    <u>Ineffective Assistance of Counsel for Failing to Request Jury Instruction on Independent Act Defense.</u>

This claim involves petitioner's convictions of Burglary while Armed (Count 1) and Aggravated Battery with a Deadly Weapon (Count 3). Petitioner alleges that

the facts at trial supported a defense that he only intended and agreed to engage the victims in an unarmed fistfight, that the introduction of a weapon was the independent act of one of the victims, and that the use of a weapon was the independent act of petitioner's co-defendant.  Petitioner claims that trial counsel was ineffective for failing to request an "independent act" instruction.  Petitioner argues that counsel's inaction prejudiced him, because there was evidence from which the jury could have concluded that petitioner never used, carried or intended to use a weapon during the fight with the victims, and this evidence creates a reasonable probability that the jury would have found petitioner guilty of a lesser-included offense on Count 1 (Burglary without the weapon enhancement) and not guilty on Count 3.  (Doc. 1, pp. 6-7).  Petitioner contends that to the extent the jury relied on a principle theory to convict him, based upon his co-defendants' use of a stick during the fight, an independent act defense would have refuted the principle theory.

The parties agree that petitioner presented this ineffective assistance claim in his Rule 3.850 motion as Ground Two.  (Doc. 34, p. 22).  Respondent asserts that the claim is procedurally defaulted because petitioner failed to argue the issue in his counseled Initial Brief following redesignation of petitioner's postconviction appeal as a direct appeal from resentencing.  (*Id*., pp. 22-24).  Petitioner replies that "the failure for this claim to be ruled upon by the State was due to appellate counsel's neglect; Petitioner had placed this claim before the appellate court in his *pro se* brief."  (Doc. 31, p. 2).  Petitioner contends that he "still has available an ineffective assistance of appellate counsel claim pursuant to Florida Rule of Appellate Procedure 9.141 within the state court.  Therefore, pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 44 (2005), Petitioner moves this Court to stay and

abey this proceeding to allow petitioner to exhaust this claim within the State Courts."  (Doc. 31, p. 2).

     A.     Exhaustion and Procedural Default

In the state appellate proceeding following the denial of relief on this claim, the First DCA redesignated petitioner's appeal as a direct appeal from petitioner's resentencing/amended sentence.  (Ex. X; *see also* Ex. U (*citing King v. State*, 795 So.2d 1086 (Fla. 1st DCA 2001))).  Florida law requires the filing of an Initial Brief on a direct appeal from resentencing.  *See* Fla. R. App. P. 9.140; *King* at 1087 (redesignating appeal of trial court's order – which summarily denied several claims presented in Rule 3.850 motion, granted relief on one claim and imposed a new sentence – as a direct appeal from the amended sentence; directing that any challenges relating to the trial court's ruling on the Rule 3.850 motion be presented in the appeal; and relinquishing jurisdiction to the trial court for appointment of appellate counsel).[4]

Petitioner requested and was appointed appellate counsel for the purpose of filing an Initial Brief.  Appellate counsel filed an Initial Brief, and did not argue or address the Rule 3.850 court's denial of relief on Ground Two (that trial counsel was ineffective for failing to request a jury instruction on the independent act defense).  Under Florida law, Ground Two and any other claims not argued in petitioner's counseled Initial Brief were waived through abandonment.  *See Jones v. State*, 966 So.2d 319, 330 (Fla. 2007); *Hall v. State*, 823 So.2d 757, 763 (Fla. 2002) ("'[A]n

---

[4]The provisions of Florida Rule of Appellate Procedure 9.141(b)(2), which "provides a streamlined procedure for appeals of orders that grant or deny postconviction relief without an evidentiary hearing," and which does not require the filing of briefs, did not apply to petitioner's appeal.  *See King*, 795 So.2d at 1087.

issue not raised in an initial brief is deemed abandoned. . . .'"); *Goings v. State*, 76 So.3d 975, 980 (Fla. 1st DCA 2011) ("By not raising the point in his initial brief, [the defendant] waived the argument. . . ."); Fla. R. App. P. 9.210(b) (requiring that the initial brief identify and contain argument with regard to each issue presented for review).   Petitioner's failure to "invok[e] one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845, renders his ineffective assistance of trial counsel claim procedurally defaulted.   *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas . . . ." (citations omitted)); *O'Sullivan*, 526 U.S. at 848, 119 S. Ct. 1728 (stating that where a petitioner has not "properly presented his claims to the state courts," he will have "procedurally defaulted his claims" in federal court); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."); *Bailey*, 172 F.3d at 1305 ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.").

Petitioner asserts in his reply that at the time of his appeal from resentencing, he believed the First DCA considered the issues raised in both his *pro se* brief <u>and</u> his counseled brief.  (Doc. 31).  This argument should be rejected.  After petitioner filed

his *pro se* brief and the First DCA ordered him to show cause why the appeal should not be redesignated as a direct appeal from resentencing, petitioner "agree[d] that his appeal should be re-designated as a direct appeal," "concede[d] to such re-designation," and expressly requested that the state court appoint appellate counsel "and allow appellate counsel to address all of Appellant's Rule 3.850 grounds in the brief." (*Id.*, Ex. V, pp. 1, 2) (emphasis added). Petitioner knew that the brief his appellate counsel filed would be the sole Initial Brief considered by the appellate court. Appellate counsel's Initial Brief identified only one issue on appeal – that the trial court erred when it denied relief on Ground One of petitioner's Rule 3.850 motion (the challenge to the jury instruction on Burglary while Armed). (Ex. Y). The brief expressly stated, "No other point is addressed in this initial brief." (*Id.*, p. 4). The State's answer brief addressed that single issue. (Ex. Z). Knowing that only one issue was identified and argued on appeal, petitioner did not complain to the appellate court or request that the court expand its review to consider the issues petitioner raised in his earlier filed *pro se* brief. Petitioner's waiver by abandonment of the remaining three grounds raised in his Rule 3.850 motion, including his present ineffective assistance claim, constitutes a procedural default of those issues.

Petitioner also argues in his reply that his procedural default should be excused because it was caused by appellate counsel's ineffectiveness. (Doc. 31, pp. 2-3). However, petitioner has not raised this particular ineffective assistance of appellate counsel claim in state court. *Orme v. State*, 895 So.2d 725, 737 (Fla. 2005) ("Claims of ineffective assistance of appellate counsel are properly raised in a petition for writ of habeas corpus addressed to the appellate court that heard the direct appeal."). Florida Rule of Appellate Procedure 9.141 states that "[a] petition alleging ineffective

assistance of appellate counsel shall not be filed more than 2 years after the conviction becomes final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the results of the appeal by counsel."  Fla. R. App. P. 9.141(d)(5).  More than two years have passed since petitioner's direct appeal of his resentencing became final, and petitioner makes no suggestion that appellate counsel affirmatively misled him about the results of that appeal.  Because petitioner did not raise his ineffective assistance of appellate counsel claim in state court and is now precluded from seeking state court review of that claim, petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted and cannot be considered as cause for the default of petitioner's ineffective assistance of trial counsel claim.  *See Edwards v. Carpenter*, 529 U.S. 446, 450-51, 120 S. Ct. 1587 (2000) (concluding that a federal habeas court is barred from considering a procedurally defaulted ineffective assistance of counsel claim as cause for procedural default of another claim); *Hill v. Jones*, 81 F.3d 1015, 1029-31 (11th Cir. 1996).

Petitioner has not satisfied the "cause and prejudice" exception to the procedural default rule, nor has he satisfied the remaining exception – the miscarriage of justice exception.  Petitioner's procedural default of Ground Two bars federal habeas review of the claim.

Petitioner's argument that this Court should apply *Rhines v. Weber, supra*, and stay this case to enable him to return to state court to exhaust an ineffective assistance of appellate counsel claim should be rejected.  (Doc. 31, p. 2).  In *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed.2d 440 (2005), the Supreme Court held that a federal district court has the discretion to stay a mixed habeas petition – a petition

containing both exhausted and unexhausted claims – in "limited circumstances" not inconsistent with the "timeliness concerns reflected in [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) ]."  *Rhines*, 544 U.S. at 277.  The Court in *Rhines* held that a "stay and abeyance" of a mixed habeas petition is appropriate only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  544 U.S. at 277-78.  The instant petition presents only claims that are exhausted either because they were fairly presented to the state court (as petitioner contends), or because they are procedurally defaulted and  technically exhausted (as respondent contends).  The petition presents no unexhausted substantive claim of ineffective assistance of appellate counsel.  Because all claims of the petition are exhausted, *Rhines* is inapplicable.  *See Shackleford v. Brunsman*, No. 3:10cv357, 2011 WL 665600, at *3 (S.D. Ohio, Feb. 11, 2011) (denying a stay; concluding that the stay and abeyance procedure permitted under *Rhines* does not apply to a petition containing only exhausted claims; "Shackleford's Motion For Stay, moreover, seeks to litigate not only an unexhausted claim but one not raised in his petition.  In this circumstance, the stay and abey procedure outlined in *Rhines* does not apply."); *Hotz v. Pierce*, No. 3:08cv00850, 2011 WL 2941290 (S.D. Ill. Dec. 13, 2010) (denying a stay; holding *Rhines* inapplicable because the petition contained only exhausted claims); *McClure v. Ozmint*, No. 2:06-1076-HMH-RSC, 2007 WL 1656227, at *8 (D. S.C. June 5, 2007) (concluding that the *Rhines*' stay and abeyance procedure is inapplicable to petitions presenting only exhausted claims).

Even if *Rhine*s applied, petitioner fails to meet the requirements justifying a

stay.  Petitioner has not shown "good cause" for failing to exhaust his ineffective assistance of appellate counsel claim in state court.  Petitioner first expressed a desire to return to state court to present this claim on December 30, 2010.  (Doc. 30).  Over a year and a half has passed, and petitioner has not filed the appropriate petition in the First DCA.  *See* www.1dca.org/.  Petitioner further fails to show that his ineffective assistance of appellate counsel claim is "potentially meritorious," because petitioner's delay has likely rendered the claim time-barred.

This Court will not review petitioner's procedurally defaulted ineffective assistance of trial counsel claim, and will not stay this case pending petitioner's attempt to pursue an ineffective assistance of appellate counsel claim in state court.

<u>Ground 3</u>    <u>Fundamental Error in Jury Instructions, which Included Alternative Enhanced Burglary Not Charged in Information.</u>

Petitioner claims there was a fundamental error in the jury instructions, because he was charged in Count 1 with first degree Burglary while Armed with a Dangerous Weapon, in violation of Fla. Stat. § 810.02(2)(b), but the jury was instructed that they could find him guilty of Count 1 if they found he committed an assault or battery during the course of the burglary.  Petitioner alleges that the assault and battery enhancement is codified separately in the burglary statute, Fla. Stat. § 810.02(2)(a), and that a violation of that subsection was not charged in the Information.  Petitioner argues he is entitled to federal habeas relief, because:  (1) "[i]t is universally established in Florida that instructing the jury on an uncharged alternative crime is fundamental error;" (2) the error was harmful and (3) trial counsel's failure to object constituted ineffective assistance.  (Doc. 1, p. 8).  The parties agree that petitioner presented this claim in his Rule 3.850 motion as Ground Three.  Respondent asserts that the claim is procedurally defaulted because petitioner failed to argue the issue in

his counseled Initial Brief following redesignation of petitioner's postconviction appeal as a direct appeal from resentencing.  (Doc. 34, pp. 26-28).  Petitioner replies as he did above – that if the claim was not properly exhausted in state court and is procedurally defaulted from federal habeas review, the cause of petitioner's procedural default is appellate counsel's ineffectiveness, and this Court should stay this case under *Rhines* to enable petitioner to exhaust an ineffective assistance of appellate counsel claim in state court.  (Doc. 31, p. 3).

A.     Exhaustion and Procedural Default

Petitioner's present claim is in the same procedural posture as Ground Two, and should be deemed procedurally defaulted for the same reasons discussed in Ground Two.  *See* discussion *supra* Ground Two.  Petitioner procedurally defaulted this issue by failing to argue it in his counseled Initial Brief on direct appeal of his resentencing/amended sentence.  Petitioner has made none of the requisite showings to excuse his default, and is not entitled to a stay.  Petitioner's procedural default bars federal habeas review of this claim.

Ground 4     Ineffective Assistance of Trial Counsel for Failing to Challenge Biased Jurors.

Petitioner alleges that two jurors (Jurors Hardin and Wroten) indicated during voir dire their beliefs that a police officer could never make a mistake by arresting the wrong suspect, and that three jurors (Jurors Hardin, Sutton and Grabert) indicated during voir dire their beliefs that the defense had a burden to present some kind of argument or rebuttal to the State's case.  All four jurors served on petitioner's jury. Petitioner faults trial counsel for failing to question or rehabilitate these jurors, for failing to challenge any of the jurors for cause, and for failing to exercise any of petitioner's nine remaining peremptory challenges to strike them.  Petitioner argues

that actual bias is apparent from the face of the record and that such bias establishes that he was prejudiced by counsel's ineffectiveness.  (Doc. 1, pp. 9-10).

The parties agree that petitioner presented this claim of ineffective assistance in his Rule 3.850 motion as Ground Four.  Respondent asserts that the claim is procedurally defaulted because petitioner failed to argue the issue in his counseled Initial Brief following redesignation of petitioner's postconviction appeal as a direct appeal from resentencing.  (Doc. 34, pp. 30-32).  Petitioner replies as he did above – that if the claim was not properly exhausted in state court and is procedurally defaulted from federal habeas review, the cause of petitioner's procedural default is appellate counsel's ineffectiveness, and this Court should stay this case under *Rhines* to enable petitioner to exhaust an ineffective assistance of appellate counsel claim in state court.  (Doc. 31, pp. 3-4).

A.    Exhaustion and Procedural Default

Petitioner's present claim is in the same procedural posture as Ground Two, and should be deemed procedurally defaulted for the same reasons discussed in Ground Two.  *See* discussion *supra* Ground Two.  Petitioner procedurally defaulted this issue by failing to argue it in his counseled Initial Brief on direct appeal of his resentencing/amended sentence.  Petitioner has made none of the requisite showings to excuse his default, and is not entitled to a stay.  Petitioner's procedural default bars federal habeas review of this claim.

Ground 5    The Evidence Was Insufficient to Convict Petitioner of Burglary while Armed.

Petitioner was convicted of burglarizing the dwelling of Andrew Wagner and Robert Pooley, while armed with a dangerous weapon.  Petitioner claims the evidence is insufficient to sustain his conviction, because an essential element of that offense

is the intent to commit an offense within the dwelling, and the State's evidence failed to establish that petitioner intended to commit any crime.  (Doc. 1, pp. 10-11).  Petitioner argues that the State's witnesses' testimonies were inconsistent and not credible, that the defense witness' testimony that petitioner was invited to the victims' dwelling was credible, and that when viewed in its entirety, the evidence was insufficient to prove that petitioner intended to commit an offense within the victims' dwelling.   Respondent asserts that the First DCA's affirmance of petitioner's conviction is consistent with, and a reasonable application of, clearly established Federal law.  (Doc. 34, pp. 35-37).

      A.    Clearly Established Federal Law

      In *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), the Supreme Court declared that the Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact  necessary to constitute the crime with which he is charged."  *Id.*, 397 U.S. at 364, 90 S. Ct. at 1072.  In *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the Court held that the standard applicable to a state prisoner's claim that the evidence was constitutionally insufficient to support his conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89, *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298 (1995).  The Supreme Court instructed that this standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16, 99 S. Ct. at 2792 n.16.  A federal habeas court reviewing a state criminal judgment for sufficiency of

the evidence must presume the jury resolved any conflicting inferences arising from the facts in favor of the State and against the defendant.  *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.").  This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see Johnson v. Alabama*, 256 F.3d 1156, 1172 (11th Cir. 2001) ("Federal [habeas] courts must defer to the judgment of the jury in assigning credibility to the witnesses and in weighing the evidence.") (*citing Jackson*, 443 U.S. at 326).  The test under *Jackson* is a limited one, and it does not require that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. *Cosby v. Jones*, 682 F.2d 1373, 1383 (11th Cir. 1982); *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987) ("The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.").

   B.   Federal Review of State Court Decision

   Florida law defines the substantive elements of Burglary while Armed as (1) entering or remaining in the dwelling of another, (2) without consent, (3) with the intent to commit an offense therein, (4) while armed (or becoming armed) within the dwelling, with a dangerous weapon.  Fla. Stat. § 810.02(1)(b) and (2)(b).  On the element of intent, the State presented evidence that on October 31, 2001, petitioner and his two co-defendants Phillip Mills and Warren Stewart went to Andrew Wagner

and Robert Pooley's home uninvited with the intent to beat them up, and when Wagner answered the door, petitioner, Mills and Stewart forced their way into the home and, without provocation, physically attacked Wagner and Pooley.  (Doc. 26, Ex. B).  Viewing the evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that petitioner went to the victims' dwelling with the intent to commit an offense (an assault or battery) within the dwelling.

The state court's rejection of petitioner's claim was not contrary to clearly established Supreme Court precedent, did not involve an unreasonable application of clearly established Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the record before the state court.  Petitioner is not entitled to federal habeas relief on Ground Five.

Ground 6      The Evidence Was Insufficient to Convict Petitioner of Aggravated Battery or Simple Battery.

Petitioner was convicted of committing a Battery upon Robert Pooley and of committing an Aggravated Battery with a Deadly Weapon upon Andrew Wagner. Petitioner claims that the evidence is insufficient to sustain these convictions, because there was scant evidence of any real injury to any of the occupants of the dwelling. (Doc. 1, pp. 12-13).  Respondent asserts that the First DCA's affirmance of petitioner's convictions is consistent with, and a reasonable application of, clearly established Federal law.  (Doc. 34, pp. 38-41).

A.      Clearly Established Federal Law

The clearly established Federal law governing challenges to the sufficiency of the evidence is set forth above.

B.      Federal Review of State Court Decision

Florida law defines the substantive elements of Simple Battery as:  (1) actually and intentionally touching or striking another person against the will of the other person, or (2) intentionally causing bodily harm to another person.  Fla. Stat. § 784.03(1)(a)(1).  An injury is not required to establish Simple Battery.  The State presented evidence that petitioner and his co-defendant Mills repeatedly hit Robert Pooley with their fists, and that petitioner struck Robert Pooley with a beer bottle.  Robert Pooley testified that although he did not remember being hit with the beer bottle, he fought with the men who entered his home, trading blows.  (Doc. 26, Ex. B).  Viewing the evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that petitioner committed a Simple Battery on Robert Pooley.

Florida law defines the substantive elements of Aggravated Battery as:  while committing a battery, either (a) intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement, or (b) using a deadly weapon.  Fla. Stat. § 784.045(1)(a).  The State presented evidence that petitioner's co-defendant Stewart repeatedly struck Andrew Wagner with his fist, that co-defendant Mills beat Andrew Wagner in the genitals with a broomstick approximately fifteen times, that Mills pushed Wagner into a guardrail on the porch, and that all three men (petitioner, Mills and Stewart) engaged in fist fights with Wagner and Pooley.  (Doc. 26, Ex. B).  Andrew Wagner sustained injuries to his arm and back, and was taken to the hospital.  Photographs of Wagner's injuries were entered into evidence.  Wagner was treated at the scene by an EMT, who placed Wagner in a spinal package and administered oxygen and an I.V., prior to transporting Wagner to the hospital.  The EMT testified

that Wagner appeared to be in pain and complained of pain.  Viewing the evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that petitioner committed Aggravated Battery upon Andrew Wagner.

The state court's rejection of petitioner's claim was not contrary to clearly established Supreme Court precedent, did not involve an unreasonable application of clearly established Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the record before the state court.  Petitioner is not entitled to federal habeas relief on Ground Six.

<u>Ground 7</u>    <u>The Evidence Was Insufficient to Convict Petitioner of Aggravated</u>
            <u>Assault.</u>

Petitioner was convicted of Aggravated Assault by Threat against Jennifer Franko (Andrew Wagner's fiancé) and/or Robert Pooley.  Petitioner claims that the evidence is insufficient to sustain this conviction, because there was no evidence that he engaged in an overt act sufficient to create a well-founded fear in Ms. Franko that violence was imminent.  (Doc. 1, pp. 13-14).  Respondent asserts that the First DCA's affirmance of petitioner's conviction is consistent with, and a reasonable application of, clearly established Federal law.  (Doc. 34, pp. 41-44).

A.    Clearly Established Federal Law

The clearly established Federal law governing challenges to the sufficiency of the evidence is set forth above.

B.    Federal Review of State Court Decision

Florida law defines the substantive elements of Assault as (1) intentionally and unlawfully threatening by word or act to do violence to the person of another, coupled with (a) an apparent ability to do so and (b) doing some act which creates a well-

founded fear in the mind of the other person that such violence is imminent.  Fla. Stat. § 784.011(1).  The elements of Aggravated Assault are (1) committing an assault (2) with a deadly weapon without intent to kill.  Fla. Stat. § 784.021.  The State presented evidence that Jennifer Franko was in Andrew Wagner's home at the time of the incident; that petitioner threatened Jennifer Franko with a knife by pointing the knife at her and telling her she wasn't going anywhere; that petitioner and Franko were within arm's reach of each other at the time; that Franko was attempting to go outside to aid Andrew Wagner, that petitioner pulled the knife on Franko to prevent her from leaving the premises; and that petitioner's acts and words put Franko in fear that petitioner was going to harm her if she tried to leave.  (Doc. 26, Ex. B).  Viewing the evidence in the light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that petitioner committed Aggravated Assault upon Jennifer Franko.

The state court's rejection of petitioner's claim was not contrary to clearly established Supreme Court precedent, did not involve an unreasonable application of clearly established Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the record before the state court.  Petitioner is not entitled to federal habeas relief.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the convictions and sentences in *State of Florida v. William Danny Garrett* in the Circuit Court for Escambia County, Florida, Case No. 01-4998 be DENIED.

2.   That petitioner's "Reply Brief and Alternative Motion to Stay and Abey" (doc. 31) be DENIED.

3.   That the clerk be directed to close the file.

4.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 9th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).